(November 22, 1944.)

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. THOMAS O'CONNOR, Appellant.— Judgment of conviction affirmed. All concur. (The judgment convicts defendant of the crime of robbery, second degree.) Present — Cunningham, P. J., Taylor, Dowling, Harris and McCurn, JJ. [See 269 App. Div. 732.]

In the Matter of the Application of FREDERICK MACCURDY, as Commissioner of Mental Hygiene, for an Order to Compel the Removal of ROBERT TUDMAN, an Inmate of Utica State Hospital, to a Private Institution. FREDERICK MACCURDY, as Commissioner of Mental Hygiene, Appellant; CLARA WILGUS, as Committee of the Person and Property of ROBERT TUDMAN, an Incompetent, Respondent.— Order so far as appealed from reversed on the law, without costs of this appeal to any party, and matter remitted to the Oneida County Court to proceed in accordance with the memorandum. Memorandum: The County Court had and should have retained jurisdiction to try the issues raised by the petition and the answer. (Mental Hygiene Law, §§ 24-a, 40; Code Crim. Pro., Part VI, tit. 8, § 926-c.) What would be the amount of money due from the committee was a matter for proof. (See L. 1909, ch. 32; L. 1931, ch. 71; L. 1937, ch. 202; L. 1940, ch. 805; L. 1942, ch. 747 [the present section 24-a of the Mental Hygiene Law].) The County Court has authority to inquire into the circumstances of an incompetent and in a proper case to direct the committee of the incompetent to make a special agreement with the Commissioner of Mental Hygiene to pay him as such Commissioner the expenses for the care and maintenance of the incompetent. (Civ. Prac. Act, §§ 1356, 1357, 1358.) Section 10-a of the Mental Hygiene Law authorizes and permits the Commissioner to remove this incompetent to a licensed private institution upon the formal order of such Commissioner providing he has the consent of the person in charge of such licensed private institution. Such removal in a proper case may be made without application to a court. All concur. (The portion of the order appealed from denies an application for an order directing the removal of an incompetent from the Utica State Hospital, and for certain other alternative relief.) Present — Cunningham, P. J., Taylor, Dowling, Harris and McCurn, JJ.

In the Matter of the Estate of MARGARET GERLING, Deceased. WILLIAM V. GERLING, Appellant; SECURITY TRUST COMPANY OF ROCHESTER, as Executor of MARGARET GERLING, Deceased, Respondent.— Orders affirmed, without costs of this appeal to any party. All concur. (The order entered April 3, 1944, directs the sale of certain realty; the order entered May 22, 1944, confirms the sale.) Present — Cunningham, P. J., Taylor, Dowling, Harris and McCurn, JJ.

THEODORE R. HEPPNER, Appellant, v. MERRILL BLISS et al., Respondents. MAX KRUPNICK, Appellant, v. MERRILL BLISS et al., Respondents.— Judgment and order affirmed, with costs. All concur. (The judgment is for defendants for no cause of action as to both plaintiffs in an automobile negligence action. The order denies plaintiffs' motion for a new trial.) Present — Cunningham. P. J., Taylor, Dowling, Harris and McCurn, JJ.

JOHN PECORARO, Appellant, v. MAURICE PECORARO, Respondent.— Judgment affirmed, without costs of this appeal to any party. All concur. (The judgment dismisses the complaint in an action for an accounting.) Present — Cunningham, P. J., Taylor, Dowling, Harris and McCurn, JJ.